IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| MATTHEW MARTIN, | ) | |
| | ) | |
| Petitioner, | ) | CA#: 2:05-647-23 |
| | ) | CR#: 2:03-522 |
| v. | ) | |
| | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court upon Petitioner Matthew Martin's ("Martin") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The Government has filed a Motion to Dismiss, to which Petitioner has responded. For the reasons set forth below, the court denies Martin's § 2255 Motion and grants the Government's Motion to Dismiss.

## **BACKGROUND**

On October 31, 2003, Martin pleaded guilty to Count Two of his Indictment, charging him with aiding and abetting an attempt to possess with intent to distribute five kilograms or more of cocaine, which carries a minimum penalty of 10 years and a maximum penalty of life. *See* 21 U.S.C. § 841(a)(1). According to the initial Presentence Report ("PSR"), the Sentencing Guidelines provided for a Total Offense Level of 34 and a Criminal History Category of I, resulting in a term of imprisonment of between 151 and 188 months, plus at least 5 years of supervised release. (PSR at 9-10, 16.) After receipt of the initial PSR, Martin entered into negotiations with the United States Probation Office regarding the contents of the PSR. As a result of these negotiations, the revised PSR provided for a Total Offense Level of 26 and a Criminal History Category of I, resulting in a term of imprisonment of between 63 to 78 months, plus a term of supervised release for at least 5

years; also, Martin met the "safety valve" requirements.[1] (Sentencing Tr. at 3.) On March 8, 2004, the court sentenced Martin to 70 months in prison. (Sentencing Tr. at 5.) Martin did not directly appeal his sentence.

On February 22, 2005, Martin filed this motion pursuant to 28 U.S.C. § 2255. Thereafter, the Government filed a Motion to Dismiss. Martin, having been notified of his obligation to file a properly-supported response under *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), contends that dismissal is improper because there are genuine issues of material factual dispute.

## STANDARD OF REVIEW

Martin proceeds under 28 U.S.C. § 2255, which provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. On a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). In deciding a § 2255 motion, the court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The court has thoroughly reviewed the motions, files, and records in this case and finds that no hearing is necessary.

---

[1] According to the Affidavit of Martin's counsel, the United States Probation Office agreed to recommend to the court a two-level reduction as a minor participant, a two-level decrease pursuant to § 5C1.2 of the Sentencing Guidelines, an adjustment for acceptance of responsibility, and that Martin meets the "safety valve" criteria under 18 U.S.C. § 3553(f). (Affidavit of Harvin ¶¶ 18-19.)

**DISCUSSION**

In his § 2255 motion, Martin first claims that the Supreme Court's holdings in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 125 S.Ct. 738 (2005), render his sentence unconstitutional. Second, he claims that his counsel was ineffective for failing to file a Notice of Appeal and for failing to object to the sentencing enhancement for possession of a firearm by Martin's codefendant.

**1.      Application of *Blakely v. Washington* and *United States v. Booker***

In his § 2255 motion, Martin first claims that the Supreme Court's holdings in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 125 S.Ct. 738 (2005), should be applied retroactively to render his sentence unconstitutional. However, "neither *Blakely* nor *Booker* announced a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review," and therefore, they do not apply in this case to render Martin's sentence unconstitutional.[2] *United States v. Fowler*, 133 Fed.Appx. 922, 922-23 (4th Cir. 2005); *see, e.g., United States v. Thomas*, 2005 U.S. App. LEXIS 18052, *2-*4 (10th Cir. Aug. 23, 2005) (affirming the district court's denial of § 2255 claim because neither *Blakely* nor *Booker* apply retroactively to cases on collateral review); *United States v. Aikens*, 2005 U.S. App. LEXIS 16652, (3d Cir. Aug. 9, 2005) (same); *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005) (same); *United States v. Marshall,* 117 Fed. Appx. 269, 270 n.1 (4th Cir. Dec. 22, 2004) ("*Blakely* would offer Marshall no relief because, *inter alia,* the Supreme Court has not made its ruling in *Blakely* retroactive to cases on collateral review."); *United States v. Johnson*, 353 F.Supp. 2d 656, 658 (E.D.Va. 2005) (holding that the new rule announced in *United States v. Booker* and *Blakely v. Washington* did not

---

[2] *Blakely* was decided on June 24, 2004, months after Petitioner's sentencing.

come within the exception to *Teague* rule barring retroactive application of new constitutional rules of criminal procedure on collateral review.); *see also United States v. Sanders*, 247 F.3d 139, 151 (4th Cir.2001) (holding that the rule announced in *Apprendi v. New Jersey,* 530 U.S. 466 (2000), the precursor to *Blakely*, is not retroactively applicable to cases on collateral review). Accordingly, Martin's claim that the Supreme Court's holdings in *Blakely* and *Booker* render his sentence unconstitutional is wholly without merit.

**2.     Ineffective Assistance of Counsel**

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court held that a meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Id.* at 687-98. Although *Strickland* involved a claim of ineffective assistance of counsel in a capital sentencing proceeding, the same two-part standard applies to an ineffective-assistance claim arising out of the guilty plea process. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

The first part of the test, a court's evaluation of counsel's performance, must be "highly deferential" under this standard, so as not to "second-guess" the performance. *Strickland*, 466 U.S. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted); *see also Fields v. Attorney General of Maryland*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985). To establish prejudice and thereby fulfill the second prong of the ineffective assistance test, Martin must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded

4

guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58. This determination is an objective one based on whether going to trial might reasonably have resulted in a different outcome. *Id.* at 59-60.

### a.    Failure to File a Notice of Appeal

Martin claims that his counsel was ineffective for failing to file a Notice of Appeal. In *Roe v. Flores-Ortega*, the United States Supreme Court quoted the *Strickland* test for ineffective assistance of counsel and decided the proper framework for evaluating an ineffective assistance claim based on failure to file a notice of appeal without the respondent's consent. 528 U.S. 470, 473 (2000). The Supreme Court noted that a lawyer who disregards *specific* instructions to file a notice of appeal acts in a professionally unreasonable manner, but:

> [i]n those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking . . . whether counsel in fact consulted with the defendant about an appeal. We employ the term "consult" to convey a specific meaning – advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes. If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonably manner only by failing to follow the defendant's express instructions with respect to an appeal. If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary question: whether counsel's failure to consult with the defendant itself constitutes deficient performance.

*Id.* at 478. Therefore, the first issue in this case is whether Martin actually requested that his attorney file a Notice of Appeal.

First of all, Martin knowingly pleaded guilty and signed a plea agreement waiving "the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. 2255" in exchange for concessions made by the United

States Probation Office. (PSR 3.) Also, Martin's attorney claims that Martin understood that this provision of the Plea Agreement would make it more difficult for him to appeal and that Martin did not intend to appeal his conviction and/or sentence. (Affidavit of Harvin ¶ 10.) On the date of Martin's sentencing, his attorney spoke with him on the bench outside the courtroom and informed him of his right to file an appeal. (Affidavit of Harvin ¶ 24.) According to counsel's Affidavit, Martin specifically instructed counsel not to file an appeal both at this time and when counsel spoke to Martin on or about March 23, 2004, after receiving the written order sentencing him. (Affidavit of Harvin ¶¶ 25-26.) Additionally, several months after Martin reported to the Bureau of Prisons, counsel continued to receive phone calls from Martin and members of Martin's family, during which neither Martin nor his family members ever asked counsel why he failed to file an appeal. (Affidavit of Harvin ¶ 28.)

In his § 2255 Motion, Martin claims that he did ask his attorney file a Notice of Appeal within the 10 day period following the sentencing, and therefore, "[t]here also should be a hearing to fully resolve the ineffective assistance of counsel claims." (*See* Attachments A & B of Martin's § 2255 Motion). Section 2255 requires a district court to hold a hearing "[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Also, the statute recognizes "that there are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner." *Machidobra v. United States*, 368 U.S. 487, 495 (1962); *see also Jang v. United States*, 2004 WL 470031, *3-*4 (E.D.N.Y. Jan. 23, 2004) (granting the government's motion to dismiss § 2255 petition without an evidentiary hearing where claim of ineffective assistance of counsel consisted of nothing more than conclusory allegations that counsel failed to file a requested notice of appeal

6

which were made nearly six years after defendant pleaded guilty and counsel submitted a credible affidavit asserting that he would have filed an appeal if he had been asked to do so).

In this case, because testimony will add little or nothing to the written submissions, the court believes that dismissal without a hearing is proper. First, Martin's claim consists of nothing more than a conclusory allegation that he requested his attorney to file an appeal, rather than a specific or detailed factual assertion. Additionally, the record contains a credible affidavit from counsel describing his recollection of the case and several instances during which Martin never specifically requested him to file an appeal. (*See* Affidavit of Harvin ¶¶ 6, 8-9, 24-28.) Moreover, the record contains no indication that Martin's counsel rendered ineffective assistance during other proceedings before this court. Overall, it is clear from the record that not only did the court inform Martin of his right to appeal under certain circumstances, but also, Martin's counsel consulted with him several times about his right to appeal and Martin never specifically requested counsel to file an appeal. Therefore, because Martin's attorney consulted with him about his right to appeal and because Martin did not specifically request his attorney to file an appeal, Martin's claim for ineffective assistance of counsel for failure to file a Notice of Appeal is without merit.

### b.     Failure to Object to Sentencing Enhancement for Possession of a Firearm

In his § 2255 Motion, Martin also claims that his counsel was ineffective for failing to challenge a sentencing enhancement contained in his PSR for possession of a firearm that resulted in the court increasing his offense level by two levels. (§ 2255 Motion at 5.) The court likewise finds this claim without merit because Martin's counsel submitted written and oral objections to the two-level increase for possession of a firearm contained in the initial PSR. (Affidavit of Harvin ¶ 18.) Additionally, Martin entered into negotiations with the United States Probation Office which

resulted in certain reductions to his Total Offense Level in the revised PSR.[3]  (Sentencing Tr. 3, Affidavit of Harvin ¶¶ 19, 20.)  In exchange for these reductions, Martin agreed to withdraw all other objections to the PSR, including but not limited to the two-level enhancement for possession of a firearm.  (Plea Hr'g 12, 13, PSR ¶ 4, Affidavit of Harvin ¶ 20.)  Therefore, because Martin cannot prove either that his counsel was deficient or that any alleged deficiencies prejudiced him, his claim for ineffective assistance of counsel must fail.

## CONCLUSION

It is, therefore, **ORDERED**, for the foregoing reasons that the Government's Motion to Dismiss is **GRANTED**.  Martin's § 2255 motion is **DENIED**.

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**September 6, 2005**

---

[3] The Affidavit of Martin's counsel, L. Scott Harvin, states: "Affiant believed, believes and informed Matthew Martin that, in his opinion, had no agreement been reached with the United States Probation Office, the Probation Office would have submitted the initial draft of the report along with the objections set forth on January 12, 2003: had the original report been submitted to the court, Affiant believed, believes and informed Matthew Martin that the Court would most likely sentence Martin to a sentence equal to or in excess of the minimum statutory penalty of ten years." (Affidavit of Harvin ¶ 22.)